## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MATTHEW LEE,**

        **Petitioner,**

                                      **Case No. 1:04-cv-365**

**v.**                                     **Hon.  Gordon J. Quist**

**WILLIE O. SMITH,**

        **Respondent.**

_____/

### REPORT AND RECOMMENDATION

        Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.        Background

        Petitioner was convicted of seven major misconduct violations on September 23, 2003.  *See* Major Misconduct Hearing Reports attached to Respondent's Answer as Exh. D.  The record reflects that petitioner filed requests for a re-hearing on the major misconduct violations because he was denied the opportunity to attend his hearings.  Specifically, petitioner stated that the corrections officer asked a different prisoner named "Lee" to attend the hearings, and this "Lee" refused.  *See* Requests attached to Respondent's Answer as Exh. E.   The Michigan Department of Corrections (MDOC) denied the  requests on January 13, 2004. *Id.*

        On June 2, 2004, petitioner filed his habeas petition raising the following issue in his habeas petition:

        Petitioner was deprived of due process of law when I was denied an
        opportunity to attend this hearing.

The court notes that on April 7, 2004, petitioner filed a prisoner civil rights suit pursuant to 42 U.S.C. § 1983, which arose from this incident.  His civil rights suit was dismissed for failing to exhaust administrative remedies under the MDOC grievance procedure.  *See Lee v. Unknown Palus et al.*, No. 4:04-cv-519 (W.D. Mich.) (Opinion and Order September 15, 2005).

## II.    Exhaustion Requirement

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). A habeas petition containing unexhausted claims should be dismissed without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

In *Hughes v. Burkett*, No. 01-10173-BC,  2002 WL 31750746 (E.D.Mich. Oct. 8, 2002), the court outlined the procedure by which a Michigan prisoner seeks administrative and judicial review of a major misconduct conviction:

> To exhaust his claim, the petitioner's proper avenue is to request a rehearing of the decision with the hearings administrator at the facility where he was convicted of the major misconduct violation. *See* Mich. Comp. Laws § 791.255(1). Rehearing requests of major misconduct convictions are explicitly authorized by the Michigan Administrative Code. *See* Mich. Admin. Code § 791.3320(4). Such a request must be filed "in order to exhaust [the petitioner's] administrative remedies before seeking judicial review of the final decision or order." *Id.* Then, the petitioner has sixty days from the date of an adverse decision on his request for rehearing to file "an application for direct review" in the Michigan circuit courts. Mich. Comp. Laws § 791.255(2). That decision, in turn, must be appealed to the Michigan Court of

2

> Appeals and Michigan Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that one full round of the state appellate process must be exhausted before a habeas corpus petition is filed); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich.2002) (holding that petitioners challenging Michigan state-law convictions must first bring their claims before the Michigan Court of Appeals and the Michigan Supreme Court).

*Hughes*, 2002 WL 31750746 at *1. "In a very real sense, the misconduct hearing is only the <u>first step</u> of a statutory scheme carefully designed to assure fair disciplinary procedures." *Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich. 1989) (emphasis added).

Here, petitioner did not seek a direct review of his major misconduct conviction in a state circuit court. Because petitioner failed to exhaust the applicable state court remedies, his petition is subject to dismissal without prejudice. *See Rose*, 455 U.S. at 518-20.

Respondent points out that petitioner's claim is not only unexhausted, but also procedurally defaulted, because the time for filing application for circuit court review under MCL § 791.255 has expired. A claim is procedurally defaulted when a petitioner fails to give the state courts a "full and fair" opportunity to resolve that claim and he cannot cure the failure because the state court remedies are no longer available. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004). As the court explained in *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994):

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Rust*, 17 F.3d at 160.

The court, however, disagrees with respondent's contention that this claim is subject to procedural default. Where "a state prisoner has defaulted his federal claims in state court pursuant

to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Petitioner contends that his due process rights were denied because (1) he was not allowed to attend the September 23, 2003 major misconduct hearing; (2) his request for a rehearing was denied "after petitioner was told in a grievance response to request a rehearing within 30 days, and petitioner will receive a rehearing;" and (3) when the denial of petitioner's request for a rehearing was returned to him "after the 60 days allowed to petition the court for judicial review." *See* Petitioner's Response to Respondent's Answer at 2-3.

Although petitioner failed to seek an application for judicial review within the 60-day period allowed under MCL § 791.255, neither party cites authority for the proposition that petitioner's failure precluded him from presenting the issue for judicial review or constituted a

procedural default under Michigan law.   On the contrary, it appears that Michigan state courts can entertain an untimely application for review under certain circumstances.  *See Khan v. Warden, Jackson Prison*, 128 Mich. App 224, 340 N.W. 2d 77 (1983) (allowing prisoner to file application for judicial review of misconduct conviction long after 60-day filing period elapsed under predecessor statute, where prisoner improperly filed a complaint for mandamus in the Michigan Court of Appeals).   *See also, Branham*,  720 F.Supp. at 608 (observing that "[t]he circuit court has plenary powers to reverse the hearing decision on due-process grounds").

Normally, the petition would be dismissed without prejudice.  *See Rose*,  455 U.S. at 518-20.   However, because the dismissal of petitioner's suit would render a re-filed habeas petition itself untimely, the court should administratively close this case, allow petitioner to exhaust his claims and to file an amended petition.  *See Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002).

### III.    Recommendation

I respectfully recommend that petitioner's habeas petition be administratively closed to allow petitioner to exhaust his claims and file an amended petition.  *See Palmer*, 276 F. 3d 777. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Entered:  June 29, 2007                         /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).